## BADGER vs. SCANNELL.

*Twelfth District Court, for San Francisco Co., November,* 1857.

### Sheriff—Assignee.

An outgoing sheriff cannot be compelled to transfer papers and effects to his successor in office, by order of court, made in particular cases.

A sheriff cannot be removed from the office, or trust of assignee in insolvency, upon an allegation of the insolvency of himself and of his official bondsmen, either before or after his term of office as sheriff expires.

The facts are fully given in the opinion.

*A. P. Crittenden,* for plaintiff.

*McDougal* and *Sharp,* for defendant.

Norton, J.—This is an alternative application made by Badger, an

Badger *vs.* Scannell.

insolvent debtor, and Doane, the present sheriff of this county, to have the property of the former, now in the hands of Scannell, the preceding sheriff, who holds them as assignee transferred, to Doane, or some other assignee; the first branch of the motion being based upon the right of Doane to take them as Scannell's successor in office; and the second, upon the alleged insolvency of Scannell and his sureties.

It is not necessary to decide whether Doane has the right he claims, because if he has, it must be enforced in the ways prescribed by law to enforce the transfer of all other papers and effects by the outgoing to the incoming sheriff. It cannot be effected by an order of court in each case pending.

On the other branch the motion must also be denied, because the fact of insolvency is denied by affidavits, and if this had not been so, I think this court has no power to grant the relief asked. The sheriff is liable on his official bond of sheriff, and does not give special bonds in insolvency cases, as other assignees do. This bond is the only security required by the insolvent law. If his official bondsmen become insufficient, he may be required to renew them, or be removed from office, but he cannot be partially removed by depriving him of the right to exercise a part of his functions. If this remedy is ineffectual in case the term of office has expired, the defect exists in the insolvent law, and is beyond the remedial power of the court.

Motion denied.